DAPENA *v*. ESTATE OF DOMINICCI.

APPEAL from the District Court of Ponce.

No. 98.—Decided February 14, 1907.

ALLEGATIONS—CASES IN WHICH DEFENDANT IS AN ESTATE—OBLIGATIONS—AC-
CEPTANCE OF INHERITANCE.—Where a complaint is brought against an estate,
it should designate the name of each of the heirs or give some reason to

justify the omission, and if it is sought to compel compliance with an obligation contracted by the predecessor in interest, it should likewise state whether the heirs received any inheritance from their predecessor, and if so, whether or not it was under the benefit of inventory, and in the absence of such an obligation it will be presumed that the heirs accepted the inheritance purely and simply, and if the acceptance was under the benefit of inventory, this fact should be alleged as a defense.

ID.—DEMURRER.—Where a complaint contains the defects found in the case at bar and to which the foregoing paragraph refers, it will nevertheless be sufficient if no special or general demurrer is filed thereto.

POWER OF ATTORNEY—ATTORNEY IN FACT.—In the case at bar the authority of an agent to execute a promissory note in the name of his principal was denied, where such agent had a power of attorney in which he was authorized to administer, direct and manage all of the property, rights and actions possessed by his principal or to be acquired by him in the future, looking after their conservation and development, leasing the same, and executing and performing all the acts usually executed or performed by a zealous and careful manager, being charged with the duty of paying charges, taxes, etc., and the wages and salaries of laborers and servants, he being given the broadest and most effectual power of attorney to do and perform without any limitation all acts and things which the party executing the power of attorney might do and perform. *Held:* That although the power to borrow money and execute promissory notes as security for debts and in payment of goods acquired had not been expressly conferred, it was necessarily included among the powers conferred for the general administration and management of the properties of his principal.

The facts are stated in the opinion.

*Mr. Dapena* for appellant.

*Messrs. Boerman & Llorens* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a suit on a promisory note for $1,152.78. Said note was dated on the 30th of October, 1897, and fell due on the 30th of December, 1897. The complaint was filed on the 26th of May, 1906, and reads as follows:

"The plaintiff appears before the court and alleges:

"1. That Don Juan Antonio Dominicci y Santi, formerly a resident of the town of Guayanilla, of lawful age, executed on the 30th of October of the year 1897, to become due on the 31st of December of the same year, a promissory note in favor and to the order of Luis Roig y Labrós, for the sum of 1,152 *pesos,* current provincial money, for cash advanced and provisions furnished the debtor for the reparation of his agricultural properties; it being stipulated that in case of delay in payment 12 per cent interest should be paid.

"2. That the said promissory note was not paid when due, nor subsequently, the same still remaining totally unpaid.

"3. That Mr. Roig y Labrós transferred the title to the said promissory note to the plaintiff, Don Ramón Dapena, for value received on the 20th day of May, 1906.

"4. That the debtor, Mr. Dominicci y Santi, died leaving as heirs his children the defendants above mentioned, and others whose names and residences are unknown to the plaintiff, notwithstanding the fact that he has made efforts to ascertain the same.

"Therefore, plaintiff prays this honorable court that after due legal proceedings, judgment be rendered condemning the defendants to pay the plaintiff the sum of 1,152 *pesos* and 78 cents, provincial money, the amount of the obligation $1,164.53 interest and costs of the suit; the principal and interest aggregating in American gold the sum of $1,390.38.—Ponce, May 26, 1906."

The answer was filed on the 5th of July, 1906, and reads as follows:

"Before the honorable judge of the court the defendants, through their counsel, appear and file their answer to the complaint in the following manner:

"We deny absolutely the facts alleged in paragraphs 1, 2, and 3 of the complaint which we now answer, and we only accept as true the contents of paragraph 4 of the said complaint, with the addition that Don Juan Antonio Dominicci was never indebted to the plaintiff, nor to his assignor, Luis Roig, for which reason the heirs and defendants are not indebted to him.

"We pray the court to render judgment at the proper time declaring the complaint to be not well founded, and absolve the defendants from the action or impose the costs upon the plaintiff.—Respectfully, Boerman & Llorens, counsel for the defendants."

The judgment was rendered on the 4th of September, 1906, and reads as follows:

"Case No. 146. *Ramón Dapena v. Sucesión de Juan Antonio Dominicci.* Collection of money. In the ordinary term of the District Court for the Judicial District of Ponce, Porto Rico, the hearing of this suit having been had on the 30th of last August, after having been set on the calendar, at which hearing appeared the plaintiff in person and the *Sucesión* defendant by their counsel, Don Luis Llorens, both parties announced in open court that they were ready for trial,

and this court, after hearing the complaint and the answer thereto, the evidence introduced by the parties and the allegations of the same, in its session of to-day the 4th of September, 1906, renders judgment declaring that the law and the facts are against the plaintiff; and therefore should declare and does declare the complaint dismissed, with the costs, amounting to ———— against the plaintiff.—Judgment rendered in the city of Ponce, Porto Rico, on the 4th of September, 1906.''

Whatever may be said of the sufficiency of the complaint in this case, there was no demurrer or exception taken to the same; but the only pleading filed was an absolute denial of paragraphs 1, 2 and 3 of the complaint and a qualified acceptance of paragraph 4, admitting the contents of the same, with the addition that Don Juan Antonio Dominicci was never indebted to the plaintiff, nor to his assignor, Luis Roig, and that for that reason the defendants, who are his heirs, are not indebted to the said plaintiff.

Defects are apparent, it is true, upon the face of the complaint. One of the principal ones is the failure to state the names of all the heirs, or to give some reason for the failure so to do; nor does it state that they received an inheritance from their father's estate, either with or without the benefit of inventory. In the absence of such an allegation it would be presumed that the defendants, who admit themselves to be the heirs of Juan Antonio Dominicci, had received the estate of their father without the benefit of inventory, because it may be inferred that they received the estate, and if they received it under an inventory that is a matter of defense which it is incumbent upon them to allege.

Then considering the complaint to be sufficient in the absence of any special or general demurrer, we will proceed to the merits of the case. This brings up primarily the sufficiency of the power of attorney given by Juan Antonio Dominicci y Santi to his son Felix Dominicci y Dominicci, under date of March 16, 1892. Does it authorize the execution and delivery of the promissory note sued upon? The first, second and final clauses read as follows:

"Clause 1. He shall administer, direct and manage all the properties, rights and actions, which by any title or for any reason, are possessed at the present time, or may be acquired in future, by the party executing this power of attorney, no matter what the origin of the same may be; he shall attend to the preservation and improvement of the said properties, and lease the same for such period of time, for such rent, and at such conditions, as he may deem convenient, dismissing the squatters and lessees and putting others in their places; collecting the rents and products of said properties, and, lastly performing all other acts that are incumbent upon a zealous and experienced manager.

"Clause 2. He shall pay all the charges, taxes and other imposts, to which the properties of the party executing this general power of attorney, are subject, as well as the wages and salaries of his laborers and servants, and take the necessary receipts and acquittances for all such payments.

"Final clause. And lastly, this general power of attorney is given to him, in order that, in all the matters referred to, and the incidents and affairs connected therewith, he may do and practice, without any limitation whatever, all and everything that the party executing this power of attorney would personally do and practice; for, the fullest and most effective power of attorney which he may need therefor is. hereby given and conferred upon him, with the free, unrestrained and general administration of said properties, etc."

In the case of *Buzzo* v. *Bolívar,* decided by this court on the 25th of January, 1906, the opinion discusses at some length the sufficiency of a power of attorney set out therein to authorize the making of a promissory note, and the power of attorney in that case was held sufficient. However, the terms used in that document were perhaps somewhat stronger than in the present case; but when the clauses stated above are carefully examined it will be seen that there is sufficient authority in the power of attorney under consideration to authorize the promissory note sued on. The attorney in fact has authority to administer, direct and manage all the properties, etc., which were then in possession of the maker, or might be acquired in the future, and he is directed to attend to the preservation and improvement of the said properties, and authorized to

perform all other acts that are incumbent upon a zealous and experienced manager. The second clause authorizes him to pay all taxes, imposts, etc., to which the properties are subject, as well as the salaries and wages of laborers and servants. The third and final clause denominates the document as a general power of attorney, given to the attorney in fact in order that he may do and perform, without any limitation whatever, each and everything that the maker thereof might do if he were personally present, giving him the fullest and most effective power for the free and unrestrained and general administration of the said properties.

While the borrowing of money, and the making of a promissory note to secure the same, or the purchase of goods and incurring indebtedness, and settling the same by promissory note, is not specifically mentioned, still the power to do so is necessarily included in the management and general administration of the properties, and the attorney in fact, under the authority granted, could incur the indebtedness and make the note. We regard the power of attorney as sufficient to authorize the attorney in fact to make, execute and deliver the promissory note sued upon.

But inasmuch as on another trial other allegations may be made, both in the complaint and the answer, making the same more specific and raising all the points involved in the case, and the facts and evidence being very meagre, no judgment should be rendered by this court finally disposing of the case.

For the errors indicated in the judgment of the court below the same should be reversed and the case remanded for a new trial in accordance with the principles enunciated in this opinion.

*Decided accordingly.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.